FILED
United States Court of Appeals
Tenth Circuit

May 15, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANCISCO ROBERT ESQUIBEL,
JR.,

    Defendant - Appellant.

No. 16-2201
(D.C. No. 1:15-CR-02731-JCH-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **MURPHY**, Circuit
Judges.

Francisco Esquibel appeals his drug sentence. The basic facts are as
follows: when police officers arrested Esquibel, they found him on a bicycle at
his front door. He was wearing a backpack that contained several grams of
marijuana, a few grams of mushrooms, 1.6 grams of methamphetamine, several
unidentified pills, and three digital scales. Strapped to the backpack was a loaded

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

handgun.  Esquibel pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  At sentencing, the district court found the firearm possession to be connected to a drug-trafficking offense, so it applied the 4-level enhancement described in § 2K2.1(b)(6)(B) of the U.S. Sentencing Guidelines.  Esquibel challenges the district court's conclusion as clearly erroneous.  Specifically, he asserts that the small amounts of drugs discovered points toward personal consumption, not drug trafficking.

We affirm.

We review the district court's factual findings for clear error, and under that standard, we do not reverse unless "the sentencing court's finding is simply not plausible or permissible in light of the entire record on appeal." *United States v. McClatchey*, 316 F.3d 1122, 1128 (10th Cir. 2003).  Esquibel has not made that showing.  The evidence plausibly suggests that, at the time of his arrest, Esquibel was on his way to deliver drugs on his bicycle, carrying a gun for protection.  The presence of several types of drugs, the three digital scales, and the firearm amply supports the district court's finding of an intent to distribute drugs.  *See, e.g.*, *United States v. Allen*, 235 F.3d 482, 192 (10th Cir. 2000); *United States v. Triana*, 477 F.3d 1189, 1195 (10th Cir. 2007).

To be sure, Esquibel is likely correct that, alone, the small amounts of drugs found on him could be consistent with a finding of personal use rather than distribution.  But that is not the standard of review.  Esquibel has to show more

than that his theory is possible: he must demonstrate that the district court's theory is implausible.  After reviewing the record, we find no clear error in the district court's decision.

AFFIRMED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge